# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   David Schultz                                       Case Number: 4:06CR00778-1 CAS

Name of Sentencing Judicial Officer: The Honorable Charles A. Shaw
                                     Senior United States District Judge

Date of Original Sentence: March 20, 2007

Original Offense: Bank Fraud

Original Sentence: 57 months imprisonment and 60 months supervised release

Type of Supervision: Supervised Release                 Date Supervision Commenced: January 18, 2011
                                                                   Expiration Date: January 17, 2016

Assistant U.S. Attorney: John Bodenhausen                          Defense Attorney: Adam D. Fein

## PETITIONING THE COURT

[X]   To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation Number**

Standard Condition #2: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

**Nature of Noncompliance**

The offender submitted late supervision reports for the months of November 2012 through December 2013.  The reports provided false information regarding his employment and vehicles owned and driven by him.  Specifically, since January 2013, Schultz reported that he was employed at Washington Metals, 6555 Meyer Drive, Washington, Missouri.  On February 12, 2014, the probation office went to conduct an employment check at Washington Metals and discovered the offender was never employed by their company.  Further, the offender did not report owning or driving a 2007 Dodge Charger.

Based on the false information provided by the offender regarding his employment and financial condition, the probation office directed the offender to report to the probation office on March 6, 2013, and was instructed to bring financial documents, including check stubs, copies of all of his expenses, and income tax returns.  On March 6, the offender called and reported that his car had been repossessed

and he could not make it to the appointment.  He indicated that he tried to chase the tow truck and fell down, hurting his elbow, and had to go to the emergency room.  The St. Ann Police Department was contacted and verified that they responded to a call that a vehicle was being stolen at the offender's address.  When they arrived they noted that the car was being repossessed and stated that there were no injuries reported by the offender.  When questioned further about the towed vehicle, Schultz reported that a friend's, Sandra Michels, name was on the title and loan and that she bought the car for him and did not make the payments.  The probation office instructed him to call the undersigned to reschedule the appointment upon discharge from the emergency room.  He was directed to bring all the aforementioned documentation, as well as documentation of the repossessed car and hospital records to the appointment.  The offender maintained contact with the probation office and appointments were made for him to appear on March 10, March 11, and March 13, 2014.  On each of those days, Schultz failed to appear for the appointments, citing a variety of reasons, including on-going medical issues such as vertigo, allergic reaction to medications, problematic blood tests, an inner ear infection, and high blood pressure.  The offender repeatedly indicated that all of the requested paperwork was locked in the Dodge Charger and the tow company would not allow him or Sandra Michels to retrieve contents of the car.  The probation officer contacted the tow company and learned that on March 6, 2014, they allowed Sandra Michels access to the car to retrieve the contents.  Schultz was then instructed to appear at the probation office on March 18, 2014, without fail.  Schultz did not appear at the appointment, did not call to reschedule, and has not provided the requested documentation.

## Violation Number

Standard Condition #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

## Nature of Noncompliance

The offender reported that he was employed at Washington Metals beginning on December 2012.  On numerous occasions, he was instructed to provide check stubs to verify his employment, which he failed to do.  On February 12, 2014, it was determined that he has never been employed by Washington Metals.

In October 2012, the offender was instructed to complete financial forms and submit them to the probation office along with copies of his income, expenditures, and income tax returns for 2011.  On February 11, 2013, when asked about completing the financial forms, Schultz reported that he brought them to the probation office in December 2012, which was not true.  The offender finally submitted the requested financial forms in July 2013 and failed to produce any documentation of his income, expenditures, or income tax returns for 2011 and 2012.

On numerous occasions, the offender reported to the probation officer that he made a restitution payment when he had not.  Specifically, in June 2013, he reported that he made an $800 payment; on August 8, 2013, he reported that he made a $550 payment and indicated that he would send another $200 payment on August 14, 2013; on December 20, 2013, he reported making a $400 payment.  On October 9, 2013, he reported that he made a $700 payment which was later found to be paid out of an account with insufficient funds.

**Violation Number**

Standard Condition #5: The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

**Nature of Noncompliance**

The last documented employment for the offender was in December 2011, when he was employed by Titan Tube.  Since that time, Schultz has reported that he was employed at McDonald's in June 2012, and True Home Value from July through September 2012, but he has not provided any documentation confirming his employment, despite consistent reminders to do so.  From December 2012 to December 2013, he provided false information to the probation office about his employment at Washington Metals.

**Violation Number**

Special Condition: The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation office so long as there is a balance on the Court-imposed financial obligation.

**Nature of Noncompliance**

Financial records indicate that the offender opened four lines of credit since October 2012, with Credit One Bank, Capital One, Fingerhut, and First Premiere.  He currently owes $1,409 in credit card debt, which he failed to report on his Financial Forms.  Further, an additional amount of $1,888 has been placed for collections from January 2012 to October 2013, for cable, cellular, and insurance services.  The offender failed to report any of these charges or debts on his Financial Forms.

Further, on March 6, 2014, the offender reported that his 2007 Dodge Charger was repossessed.  As the offender never reported owning this car, he was questioned further.  He initially reported that Sandra Michels bought the car for him.  He then indicated that he was just renting the vehicle from her.  When more information was requested on Michels, the offender provided a phone number that when called, was a fax number.  A public records search of the number indicated that it was a number assigned to Friendship Village.  The offender did not have permission to rent or lease a vehicle from another person and when confronted about its similarities to the instant offense, he denied any intention of fraud, but stated that he knew the probation office would not allow him to buy a car on his own.  Michels has not been located to confirm or deny the purchase of the car for the offender.

**Violation Number**

Special Condition: The defendant shall make restitution in the total amount of $127,129.78.  Restitution shall be paid in monthly installments of at least $100, or 10% of the defendant's gross earnings (as modified by the Court on October 31, 2011).

**Nature of Noncompliance**

The offender has not made a payment toward this obligation since May 3, 2011.  The balance owed is $126,929.78.

**Previous Violations**

This is the first noncompliance summary submitted on this offender.  However, on October 21, 2011, the Court modified his condition of supervision by lowering his monthly restitution amount from $300 to $100.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the Court issue a warrant for the offender's arrest and that his supervision be revoked.  He has refused to engage in the supervision process and appears to be involved in deceitful behavior.

The Supervised Release should be
    [X]  revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2014

Approved,

By  _____
Patricia M. Doherty
Supervising U.S. Probation Officer
Date: April 14, 2014

Respectfully submitted,

by  _____
Kristi K. Rackley
U.S. Probation Officer
Date: April 14, 2014

---

THE COURT ORDERS:

☐    No Action
☒    The Issuance of a Warrant
☐    The Issuance of a Summons
        Appearance Date:
        Appearance Time:
        Courtroom Number:
☐    Other

_____
Signature of Judicial Officer

April 14, 2014
Date

4